William M. Audet (CA SBN 117456)
waudet@audetlaw.com
Mark E. Burton, Jr. (CA SBN 178400)
mburton@audetlaw.com
Jill T. Lin (CA SBN 284962)
jlin@audetlaw.com
AUDET & PARTNERS, LLP
221 Main Street, Suite 1460
San Francisco CA 94105
Telephone:  415.568.2555
Facsimile:  415.568.2556

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| AIONA, *et al.*,<br><br>            Plaintiffs,<br><br>     v.<br><br>BAYER HEALTHCARE PHARMACEUTICALS, INC.,<br><br>            Defendant. | Case No. 3:13-cv-05969-EMC<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND TO SUPERIOR COURT OF CALIFORNIA FOR SAN FRANCISCO COUNTY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**<br><br>Date:         January 8, 2015<br>Time:        1:30 p.m.<br>Crtrm:      5 – 17th Floor<br><br>Hon. Judge Edward M. Chen |

## NOTICE OF MOTION AND MOTION TO REMAND

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Thursday, January 8, 2014, at 1:30 p.m., before the Honorable Edward M. Chen, in Courtroom 5 – 17th Floor of the U.S. District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as otherwise set by the Court, Plaintiffs Siara Aiona *et al*. will appear for hearing on the Motion to Remand this case to the Superior Court of California for the County of San Francisco.

Plaintiffs will, and hereby do, move the Court for an order remanding this action to the Superior Court of California for the County of San Francisco, on the grounds that this Court lacks jurisdiction over this action for the following reasons:

(1) This Court previously remanded this same case and held that there is no federal subject matter jurisdiction;

(2) No independent federal jurisdiction exists allowing this action to be heard in federal court; and

(3) This action is not removable under the "mass action" provision of the Class Action Fairness Act. 28 U.S.C. §§1332(d)(11).

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the papers, records, and pleadings on file herein, and any oral argument as the Court may allow.

## STATEMENT OF ISSUES TO BE DECIDED

The issues before the Court are:

(1) whether Defendant may remove Plaintiff's pending state case under the Class Action Fairness Act where another plaintiff files a "Petition for Coordination" under California Code of Civil Procedure § 404 that explicitly seeks pretrial coordination only; and

(2) whether this action should be remanded in light of the Ninth Circuit's recently issued *en banc* ruling in *Corber v. Xanodyne Pharmaceuticals, Inc.*, 2014 U.S. App. LEXIS 21806 (9th Cir. Nov. 18, 2014).

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant's removal rests solely on the erroneous argument that the filing of the Petition for Coordination by other Plaintiffs' Counsel, provides subject-matter jurisdiction under the Class Action Fairness Act of 2005, codified at 28 U.S.C. §§ 1332, 1453, 1711-1715 (hereinafter "CAFA").

Defendant's removal is improper, as this Court does not have jurisdiction over this action. The *Aiona* Complaint does not meet CAFA's statutory requirements for subject-matter jurisdiction, and the Petition for Coordination here directly disclaims any request for a "joint" trial. Declaration of Jill T. Lin in Support of Motion for Remand ("Lin Decl."), Ex. A. For removal to be proper based on the filing of a Petition for Coordination, CAFA requires that plaintiffs must intend to "jointly try" the cases. *Corber v. Xanodyne Pharmaceuticals, Inc.*, 2014 U.S. App. LEXIS 21806, *15-16 (9th Cir. Nov. 18, 2014).[1]

Courts in this Circuit have consistently held that removal under CAFA is proper *only* when plaintiffs have specifically proposed coordination or consolidation for trial in the Petition for Coordination. *Id. See also Tanoh v. Dow Chem. Co.*, 561 F.3d 945, 956 (9th Cir. 2009). Here, Petitioners explicitly disclaim a request for "joint trial," and limit the Petition for Coordination to pretrial proceedings. Accordingly, under CAFA and the Ninth Circuit's interpretation of its requirements, this Court lacks jurisdiction, and this case must be remanded to State Court.

## II. PROCEDURAL HISTORY AND BACKGROUND

The *Aiona* Complaint is one of seven complaints filed in California's state courts and alleging injuries from Defendant's Mirena intrauterine device. Siara Aiona and twenty-five other plaintiffs ("*Aiona* Plaintiffs") filed this action against Defendant Bayer HealthCare

---

[1] The *en banc* petition in *Romo v. Teva Pharmaceuticals USA, Inc.*, 742 F.3d 909, 910 (9th Cir. 2014) (cited in Defendant's removal papers) was decided by the Ninth Circuit as a consolidated opinion with the *en banc* petition in *Corber v. Xanodyne Pharmaceuticals, Inc,* 540 Fed. Appx. 650 (9th Cir. 2013). Lin Decl., ¶ 8. For ease of reference, the *Romo* No. 13-56310 action and the *Corber* No. 13-56306 action will be collectively referred to as "*Corber*."

1  Pharmaceuticals, Inc. ("Defendant" or "Bayer") on July 18, 2013, in the Superior Court of
2  California for the County of San Francisco ("San Francisco Superior" or "State Court").

3        On December 27, 2013, Defendant removed the *Aiona* Complaint from San Francisco
4  Superior to this Court, alleging federal subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332
5  & 1441. See Def.'s Notice of Removal, ECF No. 1. Defendant claimed that Plaintiffs committed
6  "fraudulent joinder" to defeat removal to federal court. *Id.* at 3-4. The matter was assigned to the
7  Honorable Edward M. Chen and, after full briefing, subsequently remanded to San Francisco
8  Superior Court on March 7, 2014, for lack of subject matter jurisdiction. Am. Civil Mins.,
9  February 27, 2014, ECF No. 23.

10        Eight months later, on October 28, 2014, Defendant again improperly filed yet another
11  Notice of Removal. *See* Def.'s Notice of Removal, *Aiona et al. v. Bayer HealthCare*
12  *Pharmaceuticals, Inc.*, No. 3:14-cv-04745-EMC (N.D. Cal.), ECF No. 1-1. Defendant now
13  claims this case is removable because plaintiffs in another action filed the Petition for
14  Coordination seeking to coordinate the *Aiona* case and other plaintiffs' cases for pretrial
15  purposes. *Id*. As detailed in this Memorandum, Defendant's removal, based on a third-party
16  Petition for Coordination, was improper under Ninth Circuit law and remand is required.

17  **III.   ARGUMENT**

      **A.   Defendant's Removal Was Improper as the Filing of a Petition for Coordination Does Not Satisfy the Requirements as a Mass Action Under CAFA**

      The filing of the Petition for Coordination does not automatically create a "mass action" under CAFA. *Corber*, 2014 U.S. App. LEXIS 21806 at *15. A request for coordination of state actions for pretrial proceedings is not the functional equivalent of joining plaintiffs into a single action. *Id*. at *15-16; *L.B.F.R. v. Eli Lilly & Co.,* 2012 U.S. Dist. LEXIS 174115 at *3 (C.D. Cal. 2012) (distinguishing coordination from joining plaintiffs for "mass action" requirements). Individual state complaints, each with fewer than one hundred plaintiffs, may <u>not</u> be treated as one "mass action". *Tanoh*, 561 F.3d at 954.[2]

---

[2] The twenty-six plaintiffs in this complaint fall short of the 100 person requirement for a "mass action." *See* 28 U.S.C. § 1332(d)(11)(B)(i).

In its recent *en banc* decision in *Corber v. Xanodyne Pharmaceuticals,* the Ninth Circuit held that a Petition for Coordination that "expressly seeks to limit its request for coordination to pre-trial matters" does not fall within the mass tort exception for federal court jurisdiction. *Corber v. Xanodyne Pharmaceuticals*, 2014 U.S. App. LEXIS 21806 at *15-16. The Court in *Corber* explained that a petition that seeks coordination for "*all purposes*" implicitly requests jointly trying all claims, and is subject to removal under CAFA. However, as is the case here, if "Plaintiffs had qualified their coordination request by saying that it was intended to be solely for pre-trial purposes, then it would be difficult to suggest that Plaintiffs had proposed a joint trial." *Id.* at *16.

Here, the Petition for Coordination expressly references limiting coordination to pre-trial at eight points throughout the Petition. Lin Decl., ¶ 5. The Petition disclaims any intention of jointly trying the claims. *Id;* Lin Decl., Ex. A. Therefore, the Petition for Coordination expressly falls within the mass action provision's exception in 28 U.S.C. § 1332(d)(11)(B)(ii)(IV), which excludes actions coordinated only for pretrial proceedings.

Similarly, in *Tanoh v. Dow. Chem. Co.*, the Ninth Circuit held that seven individual state court actions, each with fewer than one hundred plaintiffs, could not be treated as a single "mass action" because neither the parties nor the trial court proposed "jointly" trying their claims as required by CAFA. *Tanoh v. Dow. Chem. Co.*, 561 F.3d at 950. Absent an explicit request for a joint trial in the petition itself, the cases included in a Petition for Coordination fail to meet the statutory requirements of CAFA to constitute a "mass action." *Id; see also, Posey v. McKesson Corp.*, 2013 U.S. Dist. LEXIS 12038 at *2-3 (N.D. Cal. 2013) (finding state court actions may become removable only if and when plaintiffs seek to join claims for trial); *Rice v. McKesson Corp.*, 2013 U.S. Dist. LEXIS 2221 at *2 (N.D. Cal. 2013) ("Construing plaintiffs' Petition for Coordination as the functional equivalent of a request for a joint trial would conflict with both the guidance prov[ided] by our court of appeals in *Tanoh*, as well as with the general canon of strict construction of removal statutes."); *Gutowski v. McKesson Corp.*, 2013 U.S. Dist LEXIS 26333 at *10-12 (N.D. Cal 2013) (rejecting defendant's argument that petition to coordinate cases proposes a joint trial simply because it seeks coordination "for all purposes").

Here, the Petition for Coordination explicitly states that "Plaintiffs DO NOT seek and are in no way petitioning this Court for multi-plaintiff trials. This petition is limited to coordination for pretrial purposes ONLY." Lin Decl., Ex. A (emphasis in original). Absent the required intent to conduct a joint trial, these separate actions cannot be amassed to meet the threshold requirements under CAFA.[3] *See Corber,* 2014 U.S. App. LEXIS 21806 at *15-16.

### B. Courts Have Uniformly Remanded Cases Removed By Defendants on the Basis of the Filing of a Petition for Coordination

Even before *Corber*, this District has expressly rejected Defendant's argument that a Petition for Coordination renders all included actions as part of a single "mass action." *Posey v. McKesson Corp.*, 2013 U.S. Dist. LEXIS 12038 at *10-11 (holding that coordination of state actions does not constitute a mass action and may not be removed under CAFA); *Rice v. McKesson Corp.*, 2013 U.S. Dist. LEXIS 2221 at *7-8 (holding that defendants' removal was, at best, premature because the Petition for Coordination pending before California Judicial Council did not seek joint trial and therefore did not meet CAFA's requirements); *Gutowski v. McKesson Corp.*, 2013 U.S. Dist LEXIS 26333 at *4 (stating, "coordination petition does not propose a joint trial and, thus, cannot satisfy CAFA's 'mass action' definition'").

Other districts have likewise rejected similar arguments and remanded actions removed solely based on petitions for coordination. *Gilbert et al. v. AstrZeneca Pharmaceuticals, LP et al.*, 2014 U.S. Dist. LEXIS 92749 at *3 (C.D. Cal. 2014) (holding that the court lacks subject

---

[3] Defendant's reliance on two distinguishable out-of-circuit cases, *In re Abbott Labs, Inc.*, 698 F.3d 568 (7th Cir. 2012) and *Atwell v. Boston Scientific Corporation*, 740 F.3d 1160 (8th Cir. 2013) is misplaced. *Abbott* and *Atwell* involved petitions seeking consolidation for trial, an entirely different procedure from the Petition for Coordination here. In *Abbott*, plaintiffs explicitly referenced "consolidation of the cases through trial and not solely for pretrial proceedings" in the state court. *Abbott*, 698 F.3d at 571. Similarly, plaintiffs in *Atwell* explicitly anticipated a bellwether trial and even went as far as to expressly request the state court consolidate and assign the claims to a single judge that would hear the claims through trial. *Atwell*, 740 F.3d at 1165. The intentions to jointly try the cases expressed by the *Abbott* and *Atwell* plaintiffs are simply not present here. The Petitioning Plaintiffs expressly disclaimed any intent to jointly try their claims with the claims of others and limited any coordination to pretrial proceedings only.

1  matter jurisdiction merely because state actions were coordinated); *Walker et al. v. AstraZeneca
2  Pharmaceuticals, LP et al.,* 2014 U.S. Dist. LEXIS 92752 at *2 (C.D. Cal. 2014) (stating,
3  "Courts throughout the Ninth Circuit have universally found that [28 U.S.C. §
4  1332(d)(11)(B)(i)] precludes removal under the circumstances [where Plaintiffs' counsel asks
5  state court judge to coordinate it with several related actions]"); *Golden v. AstraZeneca
6  Pharmaceuticals, et al.*, 2014 U.S. Dist. LEXIS 92722 at *6-8 (C.D. Cal 2014) (noting that
7  Defendant's position contravenes the Ninth Circuit's holding in *Tanoh* and the plain meaning of
8  the statutory language); *Forrester et al. v. AstraZeneca Pharmaceuticals, et al.*, 2014 U.S. Dist.
9  LEXIS 92721 (C.D. Cal. 2014) (remanding for reasons cited in *Gilbert,* 2014 U.S. Dist. LEXIS
10 92749); *Sawyer et al. v. AstraZeneca Pharmaceuticals, et al.*, 2014 U.S. Dist. LEXIS 92729
11 (C.D. Cal 2014) (remanding for reasons cited in *Gilbert,* 2014 U.S. Dist. LEXIS 92749 and
12 *Golden,* 2014 U.S. Dist. LEXIS 92722); *L.B.F.R.,* 2012 U.S. Dist. LEXIS 174115 at *3 (holding
13 that coordinated actions have potential to become, but are not, a mass action and thus the
14 petition is insufficient to invoke diversity jurisdiction under 28 U.S.C. § 1332(d)(11)).

15    As explained in *Corber* and prior case law, federal subject matter jurisdiction is non-
16 existent here because Plaintiffs have not proposed a joint trial, and this case must likewise be
17 remanded.

18 **IV.   CONCLUSION**

19    The Petition for Coordination does not warrant removal as a mass action as urged by
20 Defendant. Courts have remanded cases like the instant action, in which the Plaintiffs have
21 expressly disclaimed any intention to conduct a joint trial, back to their respective state courts in
22 identical circumstances. *See Posey v. McKesson Corp.*, 2013 U.S. Dist. LEXIS 12038 at *10-11;
23 *Rice v. McKesson Corp.*, 2013 U.S. Dist. LEXIS 2221 at *7-8; *Gutowski v. McKesson Corp.*,
24 2013 U.S. Dist. LEXIS 26333 at *4. For the foregoing reasons, Plaintiffs respectfully request
25 that this Court enter an order (i) granting the instant motion and (ii) remanding this case back to
26 the Superior Court of California for the County of San Francisco.

27
28

1                                           Respectfully Submitted,

2 Dated: November 24, 2014           AUDET & PARTNERS, LLP

3

4                                By:     */s/ Jill T. Lin*

5                                             Jill T. Lin
                                     *Attorneys for Plaintiffs*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28