Alicia J. Donahue, SBN 117412
adonahue@shb.com
Amir Nassihi, SBN 235936
anassihi@shb.com
Tony M. Diab, SBN 277343
tdiab@shb.com
SHOOK, HARDY & BACON L.L.P.
One Montgomery, Suite 2700
San Francisco, California 94104
Telephone: 415.544.1900
Facsimile: 415.391.0281

Attorneys for Defendant
BAYER HEALTHCARE PHARMACEUTICALS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SIARA AIONA, MELANIE ALLEND, ALTAGARCIA ALVAREZ, AMEY ASHLEY, TIFFANY BEILMAN, AMBER BROWN, DAWN CHAMBLEE, AMBER CODER, ADRIANA GARCIA, KENYA GARRETT, CORAL HALLORAN, DANA HILL-COLE, SHANNA HUBBARD, CRYSTAL HUSET, KENYA JACKSON, HEIDI KLOSSNER, ELIZABETH LAROCQUE, KATHLEEN LEON, MAE LYONS, KATIRIA MALETTE, JANIE MISFELDT, LECOLE NICHOLS, KELLIE PARRISH, SHANNON ROBINSON, VALERIE ROGERS, SANDRA SANTOS, NICOLE SWANSON, TIFFANY WALLS, ADOLFINA WATERS,<br><br>Plaintiffs,<br><br>v.<br><br>BAYER HEALTHCARE PHARMACEUTICALS, INC.,<br><br>Defendant. | Case No.: 3:13-cv-05969-EMC<br><br>**DEFENDANT BAYER HEALTHCARE PHARMACEUTICALS INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**<br><br>Complaint filed: July 18, 2013<br><br>Hearing Date: January 6, 2015<br>Time: 1:30 p.m.<br>Courtroom: 5 |

1

OPPOSITION TO MOTION TO REMAND

300073 v4

# **TABLE OF CONTENTS**

I.   BACKGROUND ........................................................................................2

II.  ARGUMENT ............................................................................................4

    A.   PLAINTIFFS' COORDINATION PETITION PROPOSED A JOINT TRIAL AND THUS QUALIFIES AS A MASS ACTION UNDER THE CLASS ACTION FAIRNESS ACT..............................4

    B.   *AIONA* WAS A PART OF THE COORDINATION PETITION, AND THUS IS REMOVABLE ALONG WITH THE OTHER ACTIONS TO THE PETITION ..........................................................9

III. CONCLUSION ......................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Aiona et al. v. Bayer HealthCare Pharmaceuticals, Inc.*,
   Case No. CGC-13-532931..................................................................3, 4, 9, 11

*Anderson et al. v. Bayer HealthCare Pharmaceuticals, Inc., et al.*,
   Case No. BC526077 ..............................................................................3, 4, 6

*Atwell v. Boston Scientific Corporation*,
   740 F.3d 1160 (8th Cir. 2013) .....................................................................7, 9

*Austin et al. v. Bayer HealthCare Pharmaceuticals, Inc., et al.*,
   Case No. BC550355 .........................................................................................4

*Bullard v. Burlington N. Santa Fe Ry. Co.*,
   535 F.3d 759 (7th Cir. 2008) (Easterbrook, C.J.)........................................7, 8, 9

*Corber v. Xanodyne Pharmaceuticals, Inc.*,
   No. 13-56306, No. 13-56310, 2014 U.S. App. LEXIS 21806 (9th Cir. Nov.
   18, 2014) ................................................................................1, 2, 4, 5, 6, 7, 9, 10

*Dudley v. Bayer HealthCare Pharmaceuticals, Inc., et al.*,
   Case No. CGC-13-528658 ...............................................................................4

*Dykes v. Bayer HealthCare Pharmaceuticals, Inc.*,
   Case No. BC523541 .........................................................................................4

*In re Abbott Laboratories, Inc.*,
   698 F.3d 568 (7th Cir. 2012) ........................................................................7, 8

*Koral v. Boeing Co.*,
   628 F.3d 945 (7th Cir. 2011) ............................................................................8

*McLoughlin et al. v. Bayer HealthCare Pharmaceuticals, Inc.*,
   Case No. 37-2014-00084915 ............................................................................4

*Murphy et al. v. Bayer HealthCare Pharmaceuticals, Inc., et al.*,
   Case No. CIVDS1400587.................................................................................4

**STATUTES**

28 U.S.C. § 1332............................................................................................4, 10

28 U.S.C. § 1446..................................................................................................3

California Code of Civil Procedure section 404..............................................1,2, 3, 9

300073 v4

## OPPOSITION TO MOTION TO REMAND

On October 24, 2014, Bayer HealthCare Pharmaceuticals, Inc. ("Bayer") removed this matter from the Superior Court of California, County of San Francisco, pursuant to the mass action provision of the Class Action Fairness Act ("CAFA"). This case was one of seven proposed to be tried jointly in a Coordination Petition filed with the Judicial Council of the State of California, comprising the claims of 152 active plaintiffs. The Ninth Circuit's recent *en banc* decision in *Corber v. Xanodyne Pharmaceuticals, Inc.*, No. 13-56306, No. 13-56310, 2014 U.S. App. LEXIS 21806, at *14 (9th Cir. Nov. 18, 2014), confirms this Court has jurisdiction under CAFA as plaintiffs' Petition proposed to try the claims of more than 100 plaintiffs jointly.

Plaintiffs' banner argument on page one of its remand motion that "removal under CAFA is proper *only* when plaintiffs have specifically proposed coordination or consolidation for trial" is simply foreclosed by *Corber* and no longer a debatable proposition in the Ninth Circuit: "We reject the rule urged by Plaintiffs that a petition to evoke CAFA must expressly request a 'joint trial' in order to be a proposal to try the cases jointly." *Corber*, 2014 U.S. App. LEXIS 21806, at *16. To adopt Plaintiffs' suggested approach "would ignore the real substance of Plaintiffs' petitions." *Id.*

Turning to the Petition, although plaintiffs state at various times that they are only seeking pretrial coordination (*see generally* Declaration of Tony M. Diab in Support of Opposition to Remand Motion ("Diab Decl."), ¶ 2, Ex. A, Coordination Petition), the plaintiffs' memorandum in support of their Petition argued coordination "is appropriate: one judge hearing all of the actions *for all purposes* in a selected site or sites will promote the ends of justice." (Diab Decl., ¶ 3, Ex. B, p. 4, lines 8-9 (emphasis added).) Indeed, it would be difficult to imagine how plaintiffs could truly request coordination for pretrial purposes only in California in light of the language of the operative statute, California Code of Civil Procedure § 404.1, which makes clear that coordination in California is "for all purposes."

1

OPPOSITION TO MOTION TO REMAND

300073 v4

Of greater importance, plaintiffs argued that "[f]ailure to coordinate these actions will result in the disadvantages of duplicative and inconsistent rulings, orders, or judgments." (Diab Decl., Ex. B, p. 7, lines 5-11.) Plaintiffs further argued that "issues likely to be raised in this action include issues pertaining to liability, allocation of fault and contribution, as well as the same wrongful conduct of Defendants. . . . Coordination is required in order to avoid duplicative efforts and inconsistent rulings." (Diab Decl., Ex. B, p. 7, lines 5-11.) These exact concerns were cited by the Ninth Circuit as reasons to conclude the California coordination petition there at issue was an implicit request to try the cases jointly. *See Corber*, 2014 U.S. App. LEXIS 21806, at *14-16. Thus, despite plaintiffs' attempt to use the word "pretrial" in their Petition, it is clear that they sought coordination for purposes that could not be achieved solely through pretrial coordination, but rather "would almost certainly require a joint trial." *Id.* Under *Corber*, "carefully assess[ing] the language of the petitions for coordination" and "hold[ing] plaintiffs responsible for what they have said and done" shows CAFA jurisdiction is satisfied here. *Corber*, 2014 U.S. App. LEXIS 21806, at *12. Accordingly, plaintiffs' Motion to Remand should be denied.[1]

## I. BACKGROUND

Plaintiffs are 26 individuals who allege injuries as a result of their Mirena. Plaintiffs allege "personal injuries suffered as a proximate result of the Plaintiffs'

---

[1] In fact, any coordination petition filed pursuant to California Code of Civil Procedure section 404.1 is necessarily a proposal for joint trial warranting mass action removal under CAFA. That is because California's coordination statute allows consolidation only "if one judge hearing all of the actions *for all purposes* in a selected site or sites will promote the ends of justice …" C.C.P. § 404.1. However, because plaintiffs here proposed coordination for purposes the Ninth Circuit has already ruled constitutes a proposal to try claims jointly, it is unnecessary for the Court to resolve that broader issue. Importantly, contrary to plaintiffs' representation in their Motion to Remand, in *Corber*, the Ninth Circuit explicitly declined to rule on the question of whether *all* section 404 coordination petitions necessarily satisfy CAFA: "The parties have argued about whether invoking section 404 in and of itself . . . would constitute a proposal to try cases jointly, but that issue is not now before us." *Corber*, 2014 U.S. App. LEXIS 21806, at *16, n.6.

being prescribed and using the defective and unreasonably dangerous product Mirena." (Complaint, ¶ 1.) Plaintiffs commenced this action by filing a complaint in the Superior Court of California, County of San Francisco. This action was removed to this Court pursuant to 28 U.S.C. § 1446 on January 8, 2014. At that time, the matter was assigned to the Honorable Edward M. Chen, who, on March 10, 2014, ordered the matter be remanded.

On September 24, 2014, a petition was filed with the California Judicial Council to establish a coordinated proceeding before a single trial judge for California state-court products liability actions alleging personal injuries due to plaintiffs' Mirena. (*See* Diab Decl., Ex. A.) The petition was filed pursuant to California Code of Civil Procedure § 404.1, and plaintiffs specifically claimed that coordination is appropriate because "one judge hearing all of the actions for all purposes in a selected site or sites will promote the ends of justice." (Diab Decl., Ex. B, p. 4, lines 8-9.) That Plaintiffs claimed coordination "for all purposes" is appropriate makes sense because California Code of Civil Procedure Section 404.1 does not authorize "pre-trial consolidation" but rather consolidation of "all of the actions for all purposes."[2]

The seven actions to the Petition were: *Aiona et al. v. Bayer HealthCare Pharmaceuticals, Inc.*, Case No. CGC-13-532931, Superior Court of California, County of San Francisco; *Anderson et al. v. Bayer HealthCare Pharmaceuticals, Inc., et al.*, Case No. BC526077, Superior Court of California, County of Los Angeles;

---

[2] Section 404.1 states in full:
> Coordination of civil actions sharing a common question of fact or law is appropriate if one judge hearing all of the actions for all purposes in a selected site or sites will promote the ends of justice taking into account whether the common question of fact or law is predominating and significant to the litigation; the convenience of parties, witnesses, and counsel; the relative development of the actions and the work product of counsel; the efficient utilization of judicial facilities and manpower; the calendar of the courts; the disadvantages of duplicative and inconsistent rulings, orders, or judgments; and, the likelihood of settlement of the actions without further litigation should coordination be denied.

3

OPPOSITION TO MOTION TO REMAND

300073 v4

*Dykes v. Bayer HealthCare Pharmaceuticals, Inc.*, Case No. BC523541, Superior Court of California, County of Los Angeles; *McLoughlin et al. v. Bayer HealthCare Pharmaceuticals, Inc.*, Case No. 37-2014-00084915, Superior Court of California, County of San Diego; *Murphy et al. v. Bayer HealthCare Pharmaceuticals, Inc., et al.*, Case No. CIVDS1400587, Superior Court of California, County of San Bernardino; *Dudley v. Bayer HealthCare Pharmaceuticals, Inc., et al.*, Case No. CGC-13-528658, Superior Court of California, County of San Francisco; *Austin et al. v. Bayer HealthCare Pharmaceuticals, Inc., et al.*, Case No. BC550355, Superior Court of California, County of Los Angeles. Of those cases, two were removed to Federal Court prior to the filing of the Petition (*Dudley* and *McLoughlin*), and another was dismissed subsequent to the filing of the Petition (*Dykes*). Thus, at the time the instant action was removed there remained four active cases to the petition comprising 152 individual plaintiffs.[3]

On November 24, 2014, plaintiffs filed a Motion to Remand, arguing the instant case does not fall within the mass action provision of the Class Action Fairness Act.

## II. ARGUMENT

### A. PLAINTIFFS' COORDINATION PETITION PROPOSED A JOINT TRIAL AND THUS QUALIFIES AS A MASS ACTION UNDER THE CLASS ACTION FAIRNESS ACT

Removal of this matter as a mass action was appropriate.[4] In *Corber*, the Ninth Circuit recently held *en banc* that a California coordination petition qualified as a

---

[3] *Aiona* (26 plaintiffs at the time of removal), *Anderson* (63 plaintiffs at the time of removal), *Austin* (44 plaintiffs at the time of removal), and *Murphy* (19 plaintiffs at the time of removal).

[4] Mass action removal under CAFA contains three requirements, only the first of which is at issue in plaintiffs' Motion to Remand. A case is removable as a mass action if it involves the monetary relief claims of 100 or more persons that are proposed to be tried jointly on the ground that plaintiffs' claims involve common questions of law or fact, *see* 28 U.S.C. § 1332(d)(11)(B)(i); the aggregate amount in controversy exceeds $5,000,000 and the claims of the individual plaintiffs each exceed the amount of $75,000, see id. §§ 1332(a), (d)(2), (d)(11)(B)(i); and any plaintiff is a citizen of a State different from any defendant, see id. § 1332(d)(2)(A). As noted, plaintiffs have

4

OPPOSITION TO MOTION TO REMAND

300073 v4

request for joint trial because it sought coordination for purposes that could not be achieved absent a joint trial. *Corber*, 2014 U.S. App. LEXIS 21806, at *14. Though the plaintiffs in that case argued that they had sought coordination for pretrial purposes only, the Ninth Circuit disagreed, explaining in the process that in determining what plaintiffs are proposing in a coordination petition, "[w]e will carefully assess the language of the petitions [] to see whether, in language *or substance*, they proposed a joint trial." *Id.* at *12 (emphasis added). A review of the substance of the Petition here at issue shows that plaintiffs offered the same reasons for coordination as the *Corber* plaintiffs offered in their coordination petition, and thus their Petition was a proposal for joint trial of the claims of 152 individual plaintiffs.

In *Corber*, the Ninth Circuit focused on two components of the coordination petition there at issue. First, *Corber* noted the plaintiffs' citations to California's coordination statute, which states coordination is "for all purposes." *Id.* at *12. The Court then acknowledged plaintiffs' argument that they were merely citing California's coordination statute, and went on to address "the specific reasons given for coordination," which "support the conclusion that a joint trial was requested." *Id.* at *12-13. Those reasons centered on "the danger of inconsistent judgments and conflicting determinations of liability," *id.* at *13, and "issues pertaining to liability, allocation of fault and contribution, as well as the same wrongful conduct of defendants." *Id.* at *13-14. The Ninth Circuit concluded that "achieving consistency in these areas would almost certainly require a joint trial." *Id.* at *14.

A review of the Petition here at issue reveals the plaintiffs offered the exact same reasons for seeking coordination. First, although plaintiffs at times state they are seeking pretrial coordination only, plaintiffs *do* recite the phrase "for all purposes" that the Ninth Circuit noted in *Corber*. Specifically, plaintiffs argued

---

only called into question whether the Petition proposed a joint trial of 100 or more plaintiffs, and thus Bayer will only addresses that element of mass action removal.

5

OPPOSITION TO MOTION TO REMAND

300073 v4

coordination "is appropriate: one judge hearing all of the actions *for all purposes* in a selected site or sites will promote the ends of justice. (Diab Decl., Ex. B, p. 4, lines 8-9 (emphasis added).) "'All purposes' must include the purposes of trial." *Corber*, 2014 U.S. App. LEXIS 21806, at *12. Further, plaintiffs offered the following reasons for seeking coordination, which mirror the *Corber* petition almost identically:

> Failure to coordinate these actions will result in the disadvantages of duplicative and inconsistent rulings, orders, or judgments. The inevitability of realizing the inconsistent and duplication factor . . . weighs heavily in favor of coordination. Indeed, issues likely to be raised in this action include issues pertaining to liability, allocation of fault and contribution, as well as the same wrongful conduct of Defendants. . . . Coordination is required in order to avoid duplicative efforts and inconsistent rulings.

(Diab Decl., Ex. B, p. 7, lines 5-11.)

Plaintiffs' concerns regarding inconsistent rulings, orders, and *judgments*, as well as their concern regarding liability, allocation of fault, and contribution all mirror *Corber*. And, just as in *Corber*, such concerns are incapable of being addressed absent joint trial. Accordingly, this Court should disregard plaintiffs' invocation of the term "pretrial," and look "to see whether, in language *or substance*, [plaintiffs] proposed a joint trial." *See Corber*, 2014 U.S. App. LEXIS 21806, at *12.

That the Plaintiffs sought coordination for pretrial and trial purposes alike is reinforced by the pre-removal hearings before the Honorable Jane Johnson, the judge presiding over the *Anderson* action, one of the four active cases to the Petition. Plaintiffs' counsel in the *Anderson* case were responsible for preparing and filing the Petition, and at a hearing on Bayer's motion to dismiss for forum non conveniens, Judge Johnson, presiding over *Anderson*, addressed the then recently-filed Petition. She acknowledged that the coordination trial judge has the authority to preside over the trial of all of the coordinated actions, (Diab Decl., ¶ 7, Ex. E)), and plaintiffs'

counsel acknowledged as much in referencing the intent to conduct a bellwether trial. (*Id.*)

Moreover, *Corber* is not the first Circuit Court decision to hold that in reviewing a proposal to combine plaintiffs' claims, a reviewing court must look to the substance of the proposal, and that invocations of the phrase "pretrial" are insufficient to conclude otherwise. In *Atwell v. Boston Scientific Corporation*, 740 F.3d 1160 (8th Cir. 2013), the Eighth Circuit recently held that a proposal to consolidate three cases purportedly for pretrial purposes only was nonetheless a proposal to try the cases jointly. *Id.* at 1165. There, three cases were proposed for consolidation, which brought the total number of plaintiffs above the 100-plaintiff threshold necessary to qualify as a mass action. *Id.* at 1162. Counsel in two of the three cases that were consolidated (which were necessary to meet the 100 plaintiff requirement for a mass action) "disavow[ed] a desire to consolidate cases for trial." *Id.* at 1165. Relying on recent Seventh Circuit precedent, the Eighth Circuit concluded that plaintiffs nonetheless urged the state court to assign the claims of more than 100 plaintiffs to a single judge who could "handle these cases for consistency of rulings, judicial economy, [and] administration of justice." *Id.* The Eighth Circuit reasoned, "[a]s in Abbott Labs [698 F.3d 568 (7th Cir. 2012)], 'it is difficult to see how a trial court could consolidate the cases as requested by plaintiffs and not hold a joint trial or an exemplar trial with the legal issues applied to the remaining cases.'" *Id.* As a result, the consolidation motion, even though disavowing a joint trial on its face, was deemed nonetheless to constitute a proposal for joint trial. *Id.*

Further support for this conclusion comes from a series of Seventh Circuit decisions. First, in *Bullard v. Burlington N. Santa Fe Ry. Co.*, 535 F.3d 759, 762 (7th Cir. 2008) (Easterbrook, C.J.), the Seventh Circuit reasoned, "[t]he question is not whether 100 or more plaintiffs answer a roll call in court, but whether the 'claims advanced by 100 or more persons are proposed to be tried jointly.'" *Id.* at 762

(quoting 28 U.S.C. § 1332(d)(11)(B)(i)). In that case, the Seventh Circuit addressed the impact of proposing bellwether trials, and whether the probability of 100 or more plaintiffs actually sitting for a joint trial is the relevant inquiry under the mass action provision of CAFA. The Seventh Circuit concluded probability is irrelevant, and that even if the judge overseeing the coordinated proceeding conducted a trial of certain plaintiffs and applied the result to the remaining plaintiffs, the requirement of a proposal for joint trial has nonetheless been satisfied:

> A proposal to hold multiple trials in a single suit . . . does not take the suit outside of § 1332(d)(11). . . . A trial of 10 exemplary plaintiffs, followed by application of issue or claim preclusion to 134 more plaintiffs without another trial, is one in which the claims of 100 or more persons are being tried jointly . . . .

*Bullard*, 535 F.3d at 762.

Three years later, in *Koral v. Boeing Co.*, 628 F.3d 945 (7th Cir. 2011), the Seventh Circuit went on to clarify that "a proposal for a joint trial can be implicit." *Id.* at 947. Finally, in *In re Abbott Laboratories, Inc.*, 698 F.3d 568 (7th Cir. 2012), the Seventh Circuit held a petition for state-court coordination of individual actions may render those actions a "mass action" for purposes of removal where the coordination petition proposes joint trial of the plaintiffs to the individual actions. *Id.* at 570.

In sum, plaintiffs sought coordination because "one judge hearing all of the actions for all purposes in a selected site or sites will promote the ends of justice." (Diab Decl., Ex. B, p. 4, lines 8-9.) Further, plaintiffs sought to avoid the "disadvantages of duplicative and inconsistent rulings, orders, or judgments," and felt "issues likely to be raised in this action include issues pertaining to liability, allocation of fault and contribution, as well as the same wrongful conduct of Defendants." (*Id.* at p. 7, lines 5-11.) In light of these arguments, and viewed

300073 v4

through the lens of *Corber*, *Atwell*, and *Bullard*, plaintiffs have proposed a joint trial of 100 or more plaintiffs, and thus removal as a mass action under CAFA was appropriate.

### B. *AIONA* WAS A PART OF THE COORDINATION PETITION, AND THUS IS REMOVABLE ALONG WITH THE OTHER ACTIONS TO THE PETITION

Plaintiffs' Motion to Remand hints, but never actually argues, one additional red herring point. Plaintiffs state that one of the claims to be resolved by the Court in adjudicating the instant Motion is whether this case is subject to removal where the plaintiffs in this case allegedly did not consent to the Petition. (Motion to Remand, Docket Entry No. 30, p. i.) This point is not argued or set forth in the accompanying memorandum of points and authorities filed by plaintiffs, and thus plaintiffs have waived this argument. Nevertheless, Bayer will respond as it is clear that *Aiona* was a part of the Petition, and the role played by counsel in *Aiona* in drafting and filing the Petition is irrelevant.

First, under California Code of Civil Procedure section 404, a coordination petition may only be "submitted to the Chairperson of the Judicial Council by the presiding judge of any [] court, or by any party to one of the actions after obtaining permission from the presiding judge, or by all of the parties plaintiff or defendant in any such action." Plaintiffs submitted the Petition, not one of the judges presiding over the actions included in the Petition, and plaintiffs did not obtain leave of any court to file the petition. (Diab Decl., ¶ 4.) Thus, the Petition was submitted under the third category provided under California law, that permitting a petition "by all of the parties plaintiff." *See* Cal. Civ. Proc. Code § 404.

Moreover, at no point prior to the removal of this matter did the plaintiffs to the instant action object to or in any way oppose the Petition (Diab Decl., ¶ 5), which was styled as "Joint Petition for Coordination." (Diab Decl., Ex. A.) Plaintiffs could have objected to, opposed, or moved to withdraw the Petition. Plaintiffs did none of

9

OPPOSITION TO MOTION TO REMAND

300073 v4

the above. (*Id.*) There is no indication Plaintiffs have taken any steps whatsoever to remove their case from the Petition.

Further, the coordination petition at issue in *Corber* was similarly filed by counsel to only certain of the actions contained in the petition. (Diab Decl., ¶ 6, Ex. C.) Nevertheless, the *Corber* Court deemed that petition a proposal for joint trial, and in a case that contained counsel different from the counsel who filed the petition. *Corber* was a consolidated case that included *Romo et al. v. Teva Pharmaceuticals USA, Inc.*, appellate case no. 13-56310, in addition to *Corber et al. v. Xanodyne*, appellate case no. 13-56306. As can be seen from the coordination petition at issue in *Corber* and *Romo* and the complaint in the *Romo* matter, counsel to the petition was different from counsel in *Romo*. (*Compare* Diab Decl., Ex. C *with* Diab Decl., Ex. D (caption page of *Romo* complaint).) Khorrami LLP filed the coordination petition, and as here, made no mention of the plaintiffs to the other matters included within the petition nor mention of their counsel. The petition was filed by counsel to one matter without mention of approval or consent of the plaintiffs to the other actions included within the petition (Diab Decl., ¶ 6, Ex. D), but was held a proposal for joint trial for all cases included within that petition, including *Romo*. *See Corber*, 2014 U.S. App. LEXIS 21806. Thus, plaintiffs' contention that the Petition here at issue was not a proposal for joint trial in in this matter, but rather only for the cases in which the counsel to the Petition were counsel of record, is without merit.

Finally, plaintiffs failed to argue, let alone cite any precedent in support of the proposition that their consent to the Petition was required to trigger the mass action provision of CAFA. The operative statute, 28 U.S.C. § 1332(d)(11)(B)(i), requires only that the "monetary relief claims of 100 or more persons are proposed to be tried jointly." Plaintiffs have failed to articulate a reason why their consent to the Petition was required to trigger this provision. Nor did plaintiffs cite any legal authority to support such an argument. This, combined with the requirements of California law that the Petition can only be filed where all plaintiffs consent to the filing and the fact

10

that plaintiffs in *Aiona* did not object to or oppose the Petition, show *Aiona* is a part of the Petition. Accordingly, since removal of the Petition as a mass action was proper, removal of *Aiona* included within that Petition was proper.

## III. CONCLUSION

For the foregoing reasons, Bayer respectfully requests this Court deny plaintiffs' Motion to Remand.

DATED: December 8, 2014

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: */s/ Tony M. Diab*
　　Alicia Donahue
　　Amir Nassihi
　　Tony M. Diab

Attorneys for Defendant
Bayer HealthCare Pharmaceuticals Inc.

11

OPPOSITION TO MOTION TO REMAND

300073 v4